UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. GILCHRIST, | No. 2:15-cv-1093 MCE DAD P |
| Plaintiff, | |
| v. | ORDER |
| YOLO COUNTY, et al., | |
| Defendants. | |

Plaintiff is an inmate at the Yolo County Jail in Woodland, California. He has filed this action pro se on the form provided by the court to inmates who seek redress for violations of their civil rights pursuant to 42 U.S.C. § 1983. He has also filed a motion to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

I. Screening of Civil Rights Complaint

The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8  Cir. 1989); Franklin, 745 F.2d at 1227.

9  When considering whether a complaint states a claim upon which relief can be granted,

10 the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

11 construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416

12 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by

13 lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to

14 state a claim, a pro se complaint must contain more than "naked assertions," "labels and

15 conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp.

16 v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements

17 of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal,

18 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have

19 facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff

20 pleads factual content that allows the court to draw the reasonable inference that the defendant is

21 liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Attachments to a complaint are

22 considered to be part of the complaint for purposes of a motion to dismiss for failure to state a

23 claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

24 When a state or county inmate challenges the conditions of his confinement, his claims are

25 cognizable in a civil rights action under 42 U.S.C. § 1983 rather than a habeas corpus action.  See

26 Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991).  When a state or county inmate challenges the

27 legality or duration of his custody and demands an order for earlier or immediate release, he seeks

28 habeas relief under 28 U.S.C. § 2254 (or, in some limited circumstances, 28 U.S.C. § 2241), not

relief for alleged civil rights violations under § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The plaintiff in this case, in his pro se complaint, asks the court to "invalidate [his] plea deal" and "issue [an] order for discharge from Monroe Detention Center" in Yolo County, California, where he was held when he filed this action.  (ECF No. at 3.)  Plaintiff expressly requests a "writ of habeas corpus" in his complaint and makes no statement that the court could plausibly construe as an alleged civil rights violation cognizable under 42 U.S.C. § 1983. (Id.)

On the same day that he filed this action using the court's form for civil rights complaints, plaintiff also filed a separate action styled as a petition for writ of habeas corpus.  See Civil Action No. 2:15-cv-1094 JAM DAD P.  It is clear that in both of these actions, plaintiff seeks only habeas relief in connection with a plea agreement in a state court criminal case; in neither action does he seek any type of relief available under the Civil Rights Act.  "In cases where a prisoner's section 1983 complaint evinced a clear intention to state a habeas claim . . . the district court should treat the complaint as a habeas petition."  Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995).  Plaintiff has filed a motion to proceed in forma pauperis only in this action; he has not filed one in the habeas action, No. 2:15-cv-1094 JAM DAD P, filed thereafter.  Therefore, in the interest of judicial efficiency, the court will convert the civil rights complaint in this case to a petition for writ of habeas corpus, apply its finding under 28 U.S.C. § 1915(a) to allow plaintiff (now a habeas petitioner in this case) to proceed in forma pauperis with his habeas action, and recommend that No. 2:15-cv-1094 JAM DAD P be dismissed as duplicative.[1]

II.  Screening of Habeas Petition

Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires a habeas petition to specify all the grounds for relief available, to state the facts supporting each ground and to state the relief requested.  The court must dismiss a petition that does not contain any of these elements or "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  Rule 4 Governing Section 2254 Cases.  Moreover, the court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from

---

[1] The court will recommend dismissal of No. 2:15-cv-1094 JAM DAD P separately, in findings and recommendations to be filed in that case.

1  a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
2  The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are
3  legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28
4  U.S.C. § 1915A(b)(1),(2).

5  Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of
6  Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these
7  rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil
8  Procedure, when considering whether a petition presents a claim upon which habeas relief can be
9  granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S.
10 89, 94 (2007), and construe the petition in the light most favorable to the petitioner.  See Scheuer
11 v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than
12 those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that
13 '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant
14 habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24
15 F.3d 20, 26 (9th Cir. 1994)).

16 Here the pleading submitted by petitioner does not contain a statement of facts detailed
17 enough to inform the court or the potential respondent why petitioner's state court plea deal
18 should be ruled "invalid."  The court will grant the petitioner leave to file an amended petition to
19 cure those pleading deficiencies – that is, to file an amended habeas petition that states the
20 specific legal and factual grounds that warrant the granting of federal habeas relief.

21 If petitioner chooses to file an amended petition, the court will examine it according to the
22 same pleading standards described above.  Petitioner is informed that the court cannot refer to a
23 prior pleading in order to make plaintiff's amended application for habeas relief complete.  Local
24 Rule 220 requires that an amended petition be complete in itself, without reference to any prior
25 pleading.  This is because, as a general rule, an amended petition supersedes the original filing.
26 See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once a party files an amended petition, the
27 original petition no longer serves any function in the case.  Therefore, in an amended petition, as
28 in the original, each claim for habeas relief must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The civil rights complaint filed in this action is construed by the court as a petition for writ of habeas corpus. The Clerk of Court is directed to re-designate this case as a habeas action filed by an inmate.

2. The motion to proceed in forma pauperis (ECF No. 2) is granted in the re-designated habeas action.

3. Petitioner's application for writ of habeas corpus filed in this action is dismissed with leave to amend within thirty days from the date of this order.

4. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

5. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: June 1, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
gilc1093.114